UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ADVANTUS, CORP., et al.,

          Plaintiffs,

vs.                                    Case No. 3:13-cv-240-J-34MCR

T2 INTERNATIONAL, LLC,

          Defendant.
_____

ADVANTUS, CORP.,

          Plaintiff,

vs.                                    Case No. 3:14-cv-484-J-34PDB

T2 INTERNATIONAL, LLC, et al.,

          Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Motion for T2 International, LLC, T2 Products, LLC, and Todd Youngblood to be Held in Contempt for Violation of Permanent Injunction (Doc. 88; Motion), filed on April 29, 2014.[1] In the Motion, Plaintiffs Advantus, Corp. and Laura Starmer Barker f/k/a Laura Starmer, (collectively, Advantus), request that the Court hold Defendant T2 International, LLC, and T2 Products, LLC, (collectively, T2), as well as Todd Youngblood, in contempt for violation of this Court's Final Judgment of Permanent Injunction (Doc. 86; Permanent Injunction). See Motion at 1. As such, the Court

---

[1] Unless the Court indicates otherwise, document numbers refer to the docket in the first-filed case, Advantus, Corp. v. T2 International, LLC (Advantus I), 3:13-cv-240-J-34MCR.

construes the Motion as a request for the entry of an order to show cause why T2 and Youngblood should not be held in contempt for violation of the Court's Permanent Injunction. See Reynolds v. Roberts, 207 F.3d 1288, 1298 (11th Cir. 2000) ("If the plaintiff (the party obtaining the writ) believes that the defendant (the enjoined party) is failing to comply with the decree's mandate, the plaintiff moves the court to issue an order to show cause why the defendant should not be adjudged in civil contempt and sanctioned."). T2 filed a response in opposition to the Motion on May 16, 2014. See T2's Response in Opposition to Plaintiff's Motion to Hold T2 and Mr. Youngblood in Contempt (Doc. 92; Response). T2 attached to its Response the Declaration of Todd Youngblood in Support of T2's Response in Opposition to Plaintiffs' Motion to Hold T2 and Mr. Youngblood in Contempt (Doc. 92-1; Youngblood Decl.). On February 25, 2015, Advantus filed a motion to strike the Youngblood Declaration. See Plaintiffs' Motion to Strike Declaration of Todd Youngblood and Incorporated Memorandum of Law (Doc. 103; Motion to Strike). T2 opposes the Motion to Strike. See Response in Opposition to Motion to Strike Declaration (Doc. 108), filed March 23, 2015.

**I.     Applicable Law**[2]

Injunctions are enforced through the issuing court's civil contempt power. See Reynolds, 207 F.3d at 1298. To initiate contempt proceedings, the party who obtained the injunction should file a motion requesting the entry of an order to show cause why the enjoined party should not be held in civil contempt. Id. The plaintiff's motion should cite "the

---

[2] Although this case pertains to patent infringement, the Court applies the law of the Eleventh Circuit on the issue of civil contempt. See Eagle Comtronics, Inc. v. Arrow Commc'n Labs., Inc., 305 F.3d 1303, 1313 ("Because civil contempt proceedings are not unique to patent law, [the Federal Circuit] appl[ies] regional circuit law . . . to that issue.").

provision(s) of the injunction he wishes to be enforced, allege[] that the defendant has not complied with such provision(s), and ask[] the court, on the basis of his representation, to order the defendant to show cause why he should not be adjudged in contempt and sanctioned." See Wyatt ex rel. Rawlins v. Rogers, 92 F.3d 1074, 1078 n.8 (11th Cir. 1996). "If satisfied that the plaintiff's motion states a case of non-compliance, the court orders the defendant to show cause why he should not be held in contempt and schedules a hearing for that purpose." Reynolds, 207 F.3d at 1298. At the show cause hearing, the plaintiff must "prove what he has alleged in his motion for an order to show cause." Id. If the plaintiff does so, the court then hears from the defendant who is "entitled to demonstrate that it had complied with the court's [injunction], or why it should not be adjudged in contempt, or if adjudged in contempt, why sanctions should not be imposed." Newman v. Alabama, 683 F.2d 1312, 1318 (11th Cir. 1982). Following the hearing, "the court determines whether the defendant has complied with the injunctive provision at issue and, if not, the sanction(s) necessary to ensure compliance." Reynolds, 207 F.3d at 1298. To warrant a finding of civil contempt, the Court must find "by clear and convincing evidence that 'the allegedly violated order was valid and lawful; . . . the order was clear and unambiguous; and the . . . alleged violator had the ability to comply with the order.'" See Fed. Trade Comm'n v. Leshin, 618 F.3d 1221, 1232 (11th Cir. 2010) (alterations in original) (quoting Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002)).

**II.     Procedural History**

The dispute between these parties came to this Court on March 6, 2013, when Advantus initiated Advantus I by filing a Complaint for Damages and Injunctive Relief and

Demand for Jury Trial (Doc. 1). The following month, Advantus filed an amended complaint and a motion for preliminary injunction premised on alleged trademark and patent infringement. See Amended Complaint for Damages and Injunctive Relief and Demand for Jury Trial (Doc. 9), filed April 12, 2013; Plaintiffs' Motion for Preliminary Injunction and Incorporated Memorandum of Law (Doc. 10), filed April 17, 2013. The Court granted Advantus' request for a preliminary injunction as to the patent infringement claim, and denied, without prejudice, the same request as to the trademark infringement claim. See Order (Doc. 35) at 26. The parties later settled the matter and, at their request, the Court entered the Permanent Injunction on October 22, 2013.

Six months later, Advantus filed the instant Motion alleging that T2 International, LLC, the Defendant in Advantus I, and T2 Products, its related entity, as well as Todd Youngblood, the president of both entities, violated the Court's Permanent Injunction. Advantus also initiated a new action against T2 International and T2 Products, Advantus, Corp. v. T2 International, LLC (Advantus II), 3:14-cv-484-J-34MCR, premised on substantially the same alleged conduct that forms the basis of the Motion. See Complaint (Advantus II, Doc. 1), filed April 24, 2014. At the request of Advantus, and without opposition from T2, the Court consolidated the two cases. See Order (Advantus II, Doc. 14), entered June 12, 2014. In addition, because the parties were scheduled to mediate the related claims in Advantus II, the Court deferred ruling on the instant Motion. See Order (Doc. 102), entered February 17, 2015. When the parties' settlement attempts proved unsuccessful, the Court scheduled these consolidated cases for a telephonic status conference on April 2, 2015. See Minute Entry (Doc. 109). At the hearing, the parties agreed that the Court should

take up consideration of the Motion to determine whether an evidentiary hearing is warranted, and if so, conduct the evidentiary hearing contemporaneously with the trial on the merits in Advantus II. Accordingly, the Court will reactivate the Motion and consider whether Advantus has adequately alleged a basis for civil contempt.

### III. Discussion

The Court's Permanent Injunction directs that:

Defendant T2 International, LLC and all of its agents, successors, assigns, and persons in active concert or participation with any of them, who received actual notice of this Order by personal service or otherwise, are **ENJOINED** from manufacturing, distributing, selling, offering for sale, and/or advertising the Luxury Lounger, Skye Float Disc, Pure Sky Float, and Pure Skye Float XL products, the 'Spuncrylic & Mesh' and 'Sunbrella & Mesh' versions of the Maggie Blue and Neo Papasan products, and any renamed or reconfigured versions of these floats as to size or shape.

See Permanent Injunction at 5-6. This Injunction remains in full force and effect until September 21, 2029. Id. at 6. Advantus alleges that T2 violated the portion of the Permanent Injunction which forbids T2 from advertising and/or offering for sale the "Spuncrylic & Mesh" or "Sunbrella & Mesh" versions of the Maggie Blue product. See Motion at 6. Specifically, Advantus maintains that "T2 is offering to sell the Maggie Blue with the mesh bottom through Costco . . . ." Id. at 3. Advantus presents evidence that T2 is selling through Costco a "Maggie Blue" product in packaging which specifically advertises an "easy-drain mesh bottom" and depicts a pool float with a Sunbrella top and a mesh bottom. See id., Ex. 2: Declaration of Charles Frohman in Support of Plaintiffs' Motion For T2 International, LLC to Be Held in Contempt (Frohman Decl.) ¶ 5; see also Frohman Decl., Ex. A. As such, Advantus' position is that, via this packaging, T2 is advertising or offering for

sale a "Sunbrella & Mesh" version of the Maggie Blue product in violation of the Court's Permanent Injunction.

Notably, Advantus does not assert that T2 has violated the Permanent Injunction by manufacturing, distributing or selling a "Sunbrella & Mesh" version of the Maggie Blue product. According to Advantus, despite the representations on the packaging, the product actually contained therein "is an all-fabric product that does not have a mesh bottom . . . ." See Motion at 3. This discrepancy is significant because Advantus previously entered into a Sublicense Agreement with T2 which authorized T2 to sell a version of the Maggie Blue product with a mesh bottom, using the packaging at issue here. See id. at 3-4, Ex. 1. However, because the product contained in the subject packaging is different than the product authorized under the Sublicense Agreement, Advantus contends that "T2's advertising of the Maggie Blue with the mesh bottom is not authorized use under the Sublicense Agreement." Id. at 4. As such, Advantus asserts that T2 may not rely on the Sublicense Agreement as a defense to the alleged violation of the Permanent Injunction. Id. at 7-8.[3]

Based on the foregoing, the Court finds that Advantus has sufficiently stated a case of T2 and Youngblood's non-compliance with the Court's Permanent Injunction warranting a show cause order and an evidentiary hearing. See Wyatt, 92 F.3d at 1078 n.8. The Court notes that T2 filed a Response to the Motion in which T2 argues that the Maggie Blue product being sold does not infringe on Advantus' patent. See Response at 8. T2 further

---

[3] Advantus maintains that Youngblood, as President of both T2 entities, also violated the Permanent Injunction because he "willingly shipped a product advertising the enjoined Buoyant Cushion Patent on the box, but enclosed and sold a different product." See Motion at 9.

contends that the product depicted on the packaging, although touting an "easy drain mesh bottom," utilizes a different type of mesh that does not infringe on Advantus' patent. See Response at 9-10. Nevertheless, upon consideration of the Response, the Court determines that an evidentiary hearing on the matter is still necessary to resolve this dispute. See Reynolds, 207 F.3d at 1298 n.19. Although T2 maintains that Advantus has failed to provide "clear and convincing" evidence of a violation, see Response at 10-11, the Court will issue the show cause order based on the allegations of the Motion, and require Advantus to prove its allegations by clear and convincing evidence at the evidentiary hearing. See Reynolds, 207 F.3d at 1298. As discussed during the April 2, 2015 status conference, the Court will conduct the evidentiary hearing simultaneously with the trial on the merits in Advantus II. Finally, because the Court will grant the Motion to the extent set forth above and set this matter for an evidentiary hearing, it is unnecessary to resolve the Motion to Strike. As such, the Court will deny the Motion to Strike as moot. In light of the foregoing, it is

   **ORDERED**:

   1.   Plaintiffs' Motion for T2 International, LLC, T2 Products, LLC, and Todd Youngblood to be Held in Contempt for Violation of Permanent Injunction (Doc. 88) is **GRANTED, in part, and DENIED, in part.**

        A.   The Motion is **GRANTED** to the extent the Court construes the Motion as a request for an Order to Show Cause.

        B.   Otherwise, the Motion is **DENIED**.

   2.   T2 International, LLC, T2 Products, LLC, and Todd Youngblood shall **SHOW CAUSE** at a hearing before the undersigned why they should not be held in

civil contempt for failure to comply with the requirements of the Court's Final Judgment of Permanent Injunction (Doc. 86). The Court will set the hearing by further order to occur contemporaneously with the trial on the merits in case number 3:14-cv-484-J-34MCR.

3. Plaintiffs' Motion to Strike Declaration of Todd Youngblood and Incorporated Memorandum of Law (Doc. 103) is **DENIED, as moot**.

**DONE AND ORDERED** at Jacksonville, Florida on April 24, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties